UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

NELSON AGRAMONTE-MINAYA,

Defendant.

---

21 Cr. 661 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a *pro se* motion by defendant Nelson Agramonte-Minaya to modify the judgment against him by adding a four-term of supervised release, as required by 21 U.S.C. § 841(b)(1)(B), so that he can earn credits under the First Step Act against his remaining prison term. *See* Dkt. 156 ("Mot."). The Government agrees that the Court earlier erred at sentencing by not including a supervised release term of at least four years, but states that it is unaware of a proper legal mechanism to grant the requested relief. Dkt. 158 ("Response"). For the following reasons, the Court grants the motion. It reduces the term of Agramonte-Minaya's imprisonment by one day, and adds the statutorily mandated four-year term of supervised release.

## I.    Background

The Court assumes familiarity with this case.[1] In brief: On June 3, 2022, Agramonte-Minaya pled guilty, pursuant to a written plea agreement, to conspiring to distribute, and to possess with intent to distribute, at least 500 grams of mixtures and substances containing detectable amounts of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). *See* Dkt. 57 (June 3, 2022 Tr.) at 3, 16–20; Dkt. 117 ("PSR") at 8. The plea agreement stated, *inter alia*, that this

---

[1] The background of this case is set out more fully in the Court's earlier decision denying Agramonte-Minaya's motion, under 18 U.S.C. § 2255, to vacate his conviction. *See* Dkt. 148.

offense carried "a mandatory minimum term of supervised release of four years." Plea Agreement at 1.

On November 17, 2022, the Court imposed sentence. Noting that the Probation Department had recommended a term of supervised release and that Agramonte-Minaya was subject to mandatory deportation after his term of imprisonment, the Court asked the parties whether a supervised release term should be ordered. Dkt. 84 ("November 17, 2022 Tr.") at 18–19; *see also* PSR at 5, 19. Counsel for both sides noted that the Probation Department's practice on this issue varied. Neither stated—and the Court did not alert to the fact—that the statute mandates a term of supervised release. After an extended analysis of the 18 U.S.C. § 3553(a) factors, the Court sentenced Agramonte-Minaya to 108 months' imprisonment, without imposing a term of supervised release. November 17, 2022 Tr. at 38. Neither side objected to any aspect of the sentence, then or later. *Id.* On November 18, 2022, the judgment issued. Dkt. 82 ("Judgment").

On April 6, 2026, Agramonte-Minaya filed this motion. Dkt. 156. On May 1, 2026, the Government responded. Dkt. 158.

## II.    Discussion

Both sides now agree that the Court was obligated to, but did not, impose a term of supervised release of at least four years. Mot. at 1; Response at 1. That is correct. Section 841(b)(1)(B) of Title 21—to which Agramonte-Minaya pled guilty—states that "any sentence imposed under this subparagraph *shall* . . . include a term of supervised release of at least 4 years" (emphasis added); *see also* Plea Agreement at 1; PSR at 5, 19. It is also undisputed that, had the Court imposed a term of supervised release, Agramonte-Minaya would be eligible for credits that would reduce the length of his remaining prison sentence. The Government,

however, after canvassing potential avenues of relief, states that it is "not aware of a mechanism by which that error can be corrected at this time." Response at 1.

The Court finds that these unique circumstances—to wit, a legal oversight by the Court and the parties that operates to deny Agramonte-Minaya First Step Act credits that he has otherwise earned—supply "extraordinary and compelling reasons" for a sentence modification, pursuant to 18 U.S.C. § 3583(c). Courts in this Circuit and others have held that a criminal defendant's inability to receive First Step Act credits, due to a declination at sentencing to impose a term of supervised release based on the defendant's anticipated deportation, warranted a reduction in the term of imprisonment and the addition of a term of supervised release under § 3583(c). *See, e.g.*, *United States v. Perez Sanchez*, No. 16 Cr. 661, 2024 WL 1069884, at *2–4 (E.D.N.Y. Mar. 12, 2024); *United States v. Oprea*, No. 11 Cr. 64, 2023 WL 6958690, at *3–4 (D.N.H. Oct. 20, 2023); *United States v. Nienadov*, No. 19 Cr. 365, 2023 WL 4139026, at *1–2 (S.D. Tex. June 22, 2023); *United States v. Nunez-Hernandez*, No. Cr. 14-20, 2023 WL 3166466, at *1 (D. Minn. Apr. 27, 2023). These cases so held even where the supervised release term had been *discretionary*, and thus no error had occurred at sentencing. The reasons here for granting relief under § 3583(c) are more compelling because § 841(b)(1)(B), as the plea agreement and PSR recognized, required at least a four-year term of supervised release. And the decisions denying such motions are distinguishable, because these did not involve a statutorily mandated term of imprisonment that was not imposed at sentencing. *See, e.g.*, *United States v. Pina*, No. 01 Cr. 619, 2023 WL 8759830, at *1 (S.D.N.Y. Dec. 19, 2023); *United States v. Saleem*, No. 18 Cr. 274, Dkt. 115 at 1–2 (S.D.N.Y. March 22, 2023). A nominal reduction here in Agramonte-Minaya's prison sentence—coupled with the addition of a supervised release term to accord him the benefit of the credits he has earned—fairly accords with the catch-all provision in the

3

Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B.13(b)(5). It authorizes sentence reductions for reasons "similar in gravity" to those specified in U.S.S.G. § 1B.13(b)(1)–(4). *See Perez Sanchez*, 2024 WL 1069884, at *3.

### CONCLUSION

For the above reasons, the Court grants the motion. It hereby modifies the judgment as to Agramonte-Minaya by (1) reducing the term of imprisonment by one day and (2) adding a four-year term of supervised release. The purpose of these modifications is to enable Agramonte-Minaya to benefit from any First Step Act credits to which he is entitled, as a result of the statutorily mandatory term of supervised release.

SO ORDERED.

Paul A. Engelmayer

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 6, 2026
      New York, New York